JOHN G DIPIANO (SBN)
DiPiano Godson LLP
210 Broadway, Suite 202
Lynnfield, MA 01940
Telephone: (781) 780-7080
Facsimile: (781) 780-7081

Attorney for Plaintiff, WOLF RUN HOLLOW, LLC

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

DIVISION

| WOLF RUN HOLLOW, LLC, | Case No. |
|---|---|
| Plaintiff, | |
| v. | **COMPLAINT FOR PATENT INFRINGEMENT** |
| TD BANK, N.A. | |
| Defendant. | **Jury Trial Demanded** |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Wolf Run Hollow, LLC ("Plaintiff"), by and through its undersigned counsel, files this Original Complaint against TD Bank, N.A.("Defendant") as follows:

### NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent No. 6,115,817 entitled *"Methods and Systems for Facilitating Transmission of Secure Messages Across Insecure Networks"* (the "'817patent"; a copy of which is attached hereto as Exhibit A). Plaintiff is the exclusive licensee of the '817patent with respect to the Defendant. Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

2. Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware. Plaintiff maintains its principal place of business at 170 Kinnelon Road, Suite 13, Kinnelon, New Jersey 07405. Plaintiff is the exclusive licensee of the '817patent with respect to the Defendants, and possesses the right to sue for infringement and recover past damages.

3. Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 370Main Street, Worcester Massachusetts 01608.

## JURISDICTION AND VENUE

4. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5. The Court has personal jurisdiction over Defendant because: Defendant is present within or has minimum contacts with the State of Massachusetts and the District of Massachusetts; Defendant has purposefully availed itself of the privileges of conducting business in the State of Massachusetts and in the District of Massachusetts; Defendant has sought protection and benefit from the laws of the State of Massachusetts; Defendant regularly conducts business within the State of Massachusetts and within the District of Massachusetts; and Plaintiff's causes of action arise directly from Defendants' business contacts and other activities in the State of Massachusetts and in the District of Massachusetts.

6. More specifically, Defendant, directly and/or through authorized intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of an interactive web page) its products and services in the United States, the State of Massachusetts, and the District of Massachusetts. Upon information and belief, Defendant has committed patent infringement in the State of Massachusetts and in the District of Massachusetts, has contributed to patent infringement in the State of Massachusetts and in the District of Massachusetts, and/or has

induced others to commit patent infringement in the State of Massachusetts and in the District of Massachusetts. Defendant solicits customers in the State of Massachusetts and in the District of Massachusetts. Defendant has many paying customers who are residents of the State of Massachusetts and the District of Massachusetts and who each use each of the respective Defendant's products and services in the State of Massachusetts and in the District of Massachusetts.

7. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I – PATENT INFRINGEMENT

8. The '817 patent was duly and legally issued by the United States Patent and Trademark Office on September 5, 2000, after full and fair examination for systems and methods for secure messaging on an insecure network. Plaintiff is the exclusive licensee of the '817patent with respect to the Defendants, and possesses all rights of recovery under the '817patent with respect to the Defendants, including the right to sue for infringement and recover past damages.

9. Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '817 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, secure messaging systems and methods that embody the patented invention, including via the website http://www.tdbank.com/. Upon information and belief, Defendant directs or requires users to request, utilize, transmit and/or receive secure messages via the secure online banking and/or messaging systems and methods on their website. Upon information and belief, Defendant has also contributed to the infringement of one or more claims of the '817patent, and/or actively induced others to infringe one or more claims of the '817 patent via their website, in this district and elsewhere in the United States.

10. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

11. Plaintiff is entitled to recover from the Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

12. Defendant's infringement of Plaintiff's exclusive rights under the '817patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

13. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

A. An adjudication that one or more claims of the '817patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendant and/or by others to whose infringement Defendant has contributed and/or by others whose infringement has been induced by Defendant;

B. An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant's acts of infringement together with pre-judgment and post-judgment interest;

C. That, should Defendant's acts of infringement be found to be willful from the time that Defendant became aware of the infringing nature of its actions, which is the time of filing of Plaintiff's Original Complaint at the latest, that the Court award

treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

D. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant from further acts of (1) infringement, (2) contributory infringement, and (3) actively inducing infringement with respect to the claims of the '817 patent;

E. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. §285; and

F. Any further relief that this Court deems just and proper.

Respectfully submitted,
**DiPiano Godson LLP**

Dated: August 31, 2012

John G. DiPiano (BBO #630134)
Attorney for Plaintiff
WOLF RUN HOLLOW, LLC
DiPIANO GODSON LLP
210 Broadway, Suite 202
Lynnfield, MA 01940
781-780-7080 (tel.)
781-780-7081 (fax.)

**COMPLAINT FOR PATENT INFRINGEMENT**